**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2689
_____

YONGQING SHAO,
                                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-354-079)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2014
Before:  FISHER, VANASKIE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 27, 2014 )
_____

OPINION
_____

PER CURIAM

        Yongqing Shao, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an

Immigration Judge's ("IJ") final removal order.  We will deny the petition for review.

Shao entered the United States on a visitor's visa in 2001 but stayed beyond the time authorized. In 2009, he applied for asylum and related relief, based on three grounds: (1) a claim based on China's enforcement of population policy; (2) a claim that the Chinese government took his land and he was punished when he protested; and (3) a claim that he will be persecuted in China because of his political activities in the United States. After a hearing, the IJ found that Shao's asylum application was untimely, and that he had not met the burden of proof for withholding of removal or protection under the Convention Against Torture ("CAT").

On appeal to the BIA, Shao argued only that the IJ erred in finding his political-activities asylum claim time-barred, and that she erred by denying the claim on the merits. As to those claims, the BIA assumed for purposes of decision that the asylum claim was timely, but it agreed with the IJ that Shao "did not demonstrate that the Chinese government is aware, or is likely to become aware, of his political activities in the United States." BIA decision at 2.[1] Shao filed a timely petition for review.

In his brief here, Shao argues only that the IJ's and BIA's decisions should be reversed because he satisfied his burden for a grant of asylum based on his claim that he will be persecuted for his activities with the United States Party for Freedom and Democracy in China ("PFDC").[2] To be eligible for asylum, Shao was required to show

_____

[1] The BIA also agreed with the IJ that Shao had not shown past persecution, had not met the higher burden for withholding of removal, and had not shown that he was likely to be tortured.

[2] Although Shao's brief sets forth the legal criteria for withholding of removal and relief under the CAT, he does not argue that he is eligible for such relief, nor does he argue that

that he had a well-founded fear of being persecuted if he were to return to China. The IJ's determination that the Chinese government is not likely to take action against Shao, affirmed here by the BIA, is a factual determination. Huang v. Att'y Gen., 620 F.3d 372, 382 (3d Cir. 2010).[3] We may reverse such a factual determination "only if any reasonable fact-finder would be 'compelled to conclude otherwise.'" Id. (quoting 8 U.S.C. § 1252(b)(4)(B)).

Shao testified that he joined the PFDC in July of 2008, that he had participated in demonstrations in front of the Chinese Consulate in New York, and that he believes he may have been videotaped. A.R. 106, 109. The PFDC chairman, Kexhue Zheng, also testified in support of Shao's applications. Shao testified, and Zheng confirmed, that although Shao is not a party leader, he is "more aggressive" than other members at demonstrations. A.R. 137, 156. Shao also wrote one article regarding his political views, which he believes appeared on the internet in May of 2009. A.R. 106, 111, 163. Both Shao and Zheng testified that Shao would definitely be arrested and sentenced if he returns to China, and both noted that some other party activists had been arrested in China. A.R. 109-110, 160.

---

he is eligible for asylum based on his family planning or eminent domain claims. Shao further makes no claim of past persecution. Those claims are thus waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

[3] In assessing an asylum claim, an IJ considers three questions: (1) "what may happen if the alien returns to his home country"; (2) whether "those events meet the legal definition of persecution"; and (3) whether "the possibility of those events occurring gives rise to a well-founded fear of persecution under the circumstances of the alien's case." Id. at 383.

The IJ found that Shao's fear of future persecution in China was not "reasonable or well-founded." A.R. 51. The IJ stated that there was no objective evidence that the Chinese government is aware that Shao published an article on the internet, noting that two years had passed, and no inquiries had been made at Shao's home. Id. The IJ also found no objective evidence that the Chinese government was aware of Shao's participation in demonstrations in the United States. The BIA found no clear error in the IJ's forecasting of future events, and Shao has not pointed to any objective evidence[4] in the record that would compel us to overturn that finding.

For the foregoing reasons, we will deny the petition for review.

---

[4] Shao points to record testimony that he would "definitely be arrested" in China; however, this testimony appears to have been based only on personal opinion. Shao also notes his testimony regarding activists who have been arrested in China, but he does not explain the circumstances behind their arrests, nor whether his circumstances are similar.